UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BEST,

Plaintiff,

-against-

JOHN DOE MOHAWK CORRECTIONAL FACILITY SUPERINTENDENT; TODD PAULY; NYS DEPARTMENT OF HEALTH; JOHN DOE COMMISSIONER OF CORRECTIONS,

Defendants.

26-CV-6759 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Washington Correctional Facility, in Comstock, New York, brings this *pro se* action under 28 U.S.C. § 1983, alleging the he suffered from lack of adequate medical care while he was incarcerated at Mohawk Correctional Facility, in Rome, New York.[1] Named as Defendants are: (1) the Superintendent of Mohawk Correctional Facility, Todd Pauly; (2) the New York State Department of Health; and (3) the Commissioner of what appears to be the New York State Department of Corrections and Community Supervision. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

**DISCUSSION**

The proper venue for venue provision for this action is found at 28 U.S.C. § 1391(b), which provides, unless otherwise provided by law, a federal civil action may be filed in a United States District Court for:

[1] Rome, New York, is located in Oneida County, within the Northern District of New York. 28 U.S.C. § 112.

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

The Court cannot determine whether venue in this judicial district is proper under Section 1391(b)(1) because Plaintiff does not plead the residence of any Defendant. Even if the Court did assume that Defendants reside in this district, and that venue is proper here under Section 1391(b)(1), because the alleged events giving rise to Plaintiff' s claims occurred in the Northern District of New York, venue also would be proper, under Section 1391(b)(2), in the United States District Court for the Northern District of New York.

Under 28 U.S.C. § 1404(a), even if an action is filed in a district court where venue is proper, a court may transfer the action to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer of this action appears to be appropriate. The underlying events occurred at Mohawk Correctional Facility, in Oneida County, within the Northern District of New York, and it is reasonable to expect that relevant documents and witnesses also would be found in that judicial district. Thus, the United States District Court for the Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court..

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 8, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge